# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY,

MAY TERM, 1881.

---

THEODORE RUNYON, ESQ., ORDINARY.

---

In the matter of the application for the assessment of damages upon the bond given by JOHN N. GIVENS, as administrator of David Smith, deceased.

Upon an application to assess the damages on a judgment recovered against an administrator and his sureties, because of his failure to apply to the payment of the intestate's debts the proceeds of lands sold under an order of the orphans court—*Held*,

(1) That since the only question to be now determined is the amount to be raised, the further question whether the administrator *de bonis non* is entitled thereto, is premature.

(2) That as the administrator had authority to sell only the lands specified in the order of the orphans court, his sureties are not liable for the proceeds of sale of any other lands.

(3) That there can be no deduction in the administrator's favor because of his failure to exhaust the personal estate of the intestate in payment of his debts before applying the proceeds of the realty thereto.

191

*Mr. J. M. Robeson*, for the petitioner.

*Mr. J. G. Shipman* and *Mr. H. S. Harris*, for the administrator of Frederick Middaugh, deceased, a surety.

THE ORDINARY.

The bond given by John N. Givens, as administrator of David Smith, deceased, late of Warren county, on the granting of an order of the orphans court authorizing him to sell land of his intestate to pay debts, was, by direction of the ordinary, put in suit, and judgment was recovered thereon for the amount of the penalty, $30,000. Application is now made for the assessment of the damages. The questions presented are, whether the administrator *de bonis non* is entitled to receive the money which may be collected under the judgment; whether there should be a deduction from the balance adjudged by the orphans court, on final account, to be due from Givens, of the amount of the proceeds of the sale of a tract of land which, it is alleged he sold without the order of the orphans court, and carried the proceeds into his account; and also of the amount of certain personal property of Smith's estate, with which the orphans court surcharged his final account.

As to the first question : It is enough to say that the object of the present application is merely to ascertain how much should be raised on the judgment, which is in favor of the ordinary, and therefore the inquiry as to whether the money, when collected, should be paid over to the administrator *de bonis non* to be administered, is not involved.

As to the second question : It is clear that the administrator and his sureties are bound to answer only for the administration of the proceeds of the sale of land sold by the former, pursuant to the order of the orphans court. The administrator had a right to sell only such land, and could give no title to any other. It appears by the record that the orphans court gave him authority to sell the homestead farm, and it is alleged that he sold (for the price of $405.50) a tract of woodland, some miles distant from that property. The order for sale obviously did not

extend to that tract, and on establishing the fact that the account included the proceeds of that sale, the proper deduction would be made. There should be no deduction in respect to the surcharges of the administrator's account with personal property not legally accounted for. It was the duty of the administrator to apply the personal property to the payment of the debts before applying the proceeds of the real estate. It was one of the terms of the condition of his bond, that he would well and truly administer the money arising from the sale of the real estate, and he could not do so without applying the personal estate to the payment of the debts before application of the proceeds of the real estate thereto, there having been more than enough of both together to pay the debts. His failure to apply the personal estate to the payment of the debts before applying the proceeds of the real, therefore, is no defence. There will be an order assessing the damages at the amount due according to the account in the orphans · court, with interest, unless the before-mentioned allegations, with reference to the unauthorized sale of land, shall be established, in which case the proper deduction will be made in that behalf.